**Case No. 12-2021**

---

# IN THE UNITED STATES COURT OF APPEALS FOR THE 6TH CIRCUIT

---

MICHAEL A. CONLIN,

        Plaintiff-Appellant,

v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
US BANK NATIONAL ASSOCIATION as trustee,
ORLANS & ASSOCIATES, P.C.,
MARSHALL ISAACS,

        Defendant-Appellees.

---

On appeal from the United States District Court
for the Eastern District of Michigan

---

## <u>APPELLANT'S BRIEF</u>

Submitted by:

Brian P. Parker (P48617)
Charles N. DeGryse (P72390)
Attorneys for Appellant
30600 Telegraph Road, Ste. 1350
Bingham Farms, MI 48375
(248) 642-6268

# TABLE OF CONTENTS

Table of Authorities.................................................................................. iv

Statement in Support of Oral Argument............................................... 1

Jurisdictional Statement........................................................................ 2

      A. District Court.................................................................... 2

      B. Appellate Court............................................................... 2

      C. Timeliness....................................................................... 2

      D. Finality of Order............................................................. 2

Statement of Issues................................................................................. 3

Statement of the Case............................................................................. 3

      I. Procedural History.......................................................... 3

      II. District Court Findings.................................................. 4

Statement of Facts.................................................................................. 5

      The Property and Mortgage................................................ 5

      The Foreclosure.................................................................. 6

      Robosigning Issues............................................................. 7

Summary of Argument........................................................................... 9

Standard of Review................................................................................ 10

Argument................................................................................................ 11

      I. A Borrower Has Standing to Challenge a Completed Foreclosure
      Sale Following the Expiration of the Redemption Period.................... 11

II. A Borrower May Raise Challenges to an Assignment to Show It to be Absolutely Invalid.................................................. 15

    A. Standing to Challenge an Assignment of Mortgage........... 15

    B. Conlin Need Not "Challenge" the Assignment to Show Fraud....................................................................... 19

III. MERS Lacked Authority to Act as "Nominee" and Could Not Assign the Mortgage Without a Relationship to the Promissory Note's Owner........................................................................ 20

    A. MERS Could Not Act Without Authority From the Creditor Trust............................................................. 20

    B. The Assignment of Mortgage Is a Nullity Because it Was Created Without the Note or Any Relationship to the Note.................................................................... 22

Conclusion.................................................................... 24

# TABLE OF AUTHORITIES

## Cases

*Ahmad v. Wells Fargo Bank, NA,* No. 11-15204, at *4 (E.D. Mich. Feb. 27, 2012) ................................................................................................................. 14

*Ahmad v. Wells Fargo et al,* No. 11-15204 (E.D. Mich. Feb. 27, 2012) ................. 9

*Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ......................... 11

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) .................................................................................................................. 10

Bloomer v. Henderson, 8 Mich. 895 (1860) ........................................................... 22

*Brezzell v. Bank of America, N.A.,* No. 11-11467, 2011 WL 2682973, at *4 n.3 (E.D. Mich. Jul. 11, 2011) ................................................................................. 11

*Cable v. MERS, Inc.,* 2012 WL 642129 at *3 (E.D. Mich. Feb. 28, 2012) ............. 15

*Carptenter v. Longan,* 83 U.S. 271 (1873) ............................................................. 22

Cicotte v. Gagnier, 2 Mich. 381 (1852) .................................................................. 22

*Courie v. Alcoa Wheel & Forged Prods.,* 577 F.3d 625, 629 (6th Cir. 2009) ....... 10

*Croft v. Bunster,* 9 Wis. 503 (Wis. 1859) .............................................................. 22

*Drouin v. American Home Mortgage Servicing, Inc.,* No. 2012-DNH-089, (Dist. N.H. May 18, 2012) ..................................................................................... 10, 17

*Fair v. Moody,* No. 278906 (Mich. App. Dec. 23, 2008) ....................................... 21

*Federal National Mortgage Ass'n v. Wingate,* 404 Mich. 661, 676 fn. 5; 273 N.W.2d 456 (1979) .............................................................................................. 13

*Felcher v. Dutton,* 265 Mich. 231, 233; 251 N.W. 332 (1933) .............................. 17

*Gage v. Sanborn,* 106 Mich. 269, 279; 64 N.W. 32 (1895) ................................... 13

*Hi-Way Motor Co. v. International Harvester Co.,* 247 N.W. 2d 813 (Mich. 1976) .............................................................................................................................. 19

*Horton v Verhelle,* 231 Mich. App. 667, 677; 588 NW2d 144 (1998) ................... 17

*Horvath v. Nat'l Mortgage Co.,* 238 Mich. 354, 360; 213 NW 202 (1927) ........... 17

*In re Agard* 444 B.R. 231, 246 (Bankr. E.D.N.Y. 2011) ........................................ 24

*Lamie v. Federal Home Loan Mortgage Corp.,* No. 1:11-cv-156, at *3 (E.D. Mich. May 21, 2012) ..................................................................................................... 12

*Landmark Nat'l Bank v. Kesler,* 289 Kan. 528, 216 P.3d 158, 166-67 (2010). ..... 22

*Landmark National Bank v. Kesler,* 289 Kan. 528, 538, 216 P.3d 158 (2010) ...... 21

*Landmark National Bank v. Kesler,* 289 Kan. 528, 538, 216 P.3d 158 [2009] ...... 21

*Langley v. Chase Home Fin., LLC,*No. 1:10-cv-604, 2011 WL 1130926, at *2 n.2 (W.D. Mich. Mar. 28, 2011) ............................................................................ 9, 11

*Lee v. Kellogg,* 108 Mich. 535, 536; 66 N.W. 380 (1896) ..................................... 18

*Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC,* 717 F. supp.2d 724, 735 (E.D. Mich.), aff'd, 399 Fed. Appz. 97 (6th Cir. 2010), cert. denied, 131 S.Ct. 1696 (2011) ............................................................................ 15

*Luster v. MERS, Inc.,* 2012 WL 124967 at *2 (E.D. Mich. Jan. 17, 2012) ............ 11

*Manufacturers Hanover Mortgage Corp. v. Snell,* 142 Mich. App. 548, 553-554, 370 N.W.2d 401, 404 (1985) ............................................................................ 13

*MERS v. Nebraska Dept. of Banking,* 704 N.W.2d 784 (Neb. 2005) ..................... 24

*MERS v. Nebraska Dept. of Banking,* No. S-04-786, 270 Neb. 529, 704 N.W.2d 784 (Neb. 2005) ............................................................................................... 24

*MERSCORP, Inc v Romaine,* 8 NY3d 90, 96; 861 NE2d 81; 828 NYS2d 266 (2006) ............................................................................................................ 21

*Moriarty v. BNC Mortgage, Inc.,* 2010 WL 5173830 (E.D. Mich. Dec. 10, 2010) 11

*Moss v. Wells Fargo Bank, N.A.,* No. 11-13429 (E.D. Mich. March 28, 2012) ..... 10

*Moss v. Wells Fargo Bank, N.A.,* No. 11-13429, 2012 WL 1050069, at *3-4 (E.D. Mich. Mar. 28, 2012) ..................................................................................... 12

*Overton v. Mortgage elec. Reg. Sys.,* 2009 WL 1507342 (Mich. App. May 28, 2009) ............................................................................................................ 11

*Pierce v. Faunce,* 47 Maine 507 ............................................................................ 22

*Reid v. Nusholtz,* 264 Mich. 220, 224; 229 N.W. 831, 832 (1933) ....................... 14

*Reid v. Rylander,* 270 Mich. 263, 267; 258 N.W. 630, 631 (1935) ....................... 13

*Residential Funding Co. LLC v. Saurman, 490 Mich. 909; 805 N.W.2d 183 (2011)* ....................................................................................................................... 6

*Special Prop. VI, LLC v. Woodruff,* 273 Mich. App. 586, 591; 730 N.W.2d 753 (2007) ............................................................................................................ 17

*Talton v. BAC Home Loans Servicing LP,* 839 F. Supp. 2d 896, 911 (E.D. Mich. 2012) ............................................................................................................ 16

*Talton v. BAC Home Loans Servicing, LP,* 839 F.Supp.2d 896 (2012) ................. 10

Taylor v. Page, 6 Allen, 86 (Mass. 1863) ............................................................... 22

*Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.,* 615 F.3d 622, 627 (6th Cir.2010) ......................................................................................... 10

*VanderWall v. Midkiff,* 166 Mich. App. 668, 685; 421 N.W.2d 263 (1988) .......... 18

**Statutes**

12 U.S.C. § 1291 ......................................................................................... 2

28 U.S.C. § 1291 ......................................................................................... 3

28 U.S.C. §1332 ......................................................................................... 2

MCL § 600.3024(3) ................................................................................... 19

MCL § 600.3204(1)(d) .............................................................................. 19

MCL § 600.3205a ...................................................................................... 14

MCL 600.5714 ........................................................................................... 13

MCL 600.8302(3) ...................................................................................... 13

**Other Authorities**

Black's Law Dictionary 1076 (8th ed 2004) ............................................. 21

**Rules**

Fed. R. App. P. 4(a)(1) ................................................................................ 2

Fed. R. Civ. P. 12(b)(6) .......................................................................... 4, 10

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Appellant requests oral argument.  This case affects Appellant and thousands similarly situated who may have been foreclosed upon through the use of "robosigned" documents and other forms of fraud contained in assignments of mortgage.  Appellant believes oral argument would be of value to the Court and the public at large.

# JURISDICTIONAL STATEMENT

## A.  District Court

Plaintiff-Appellant filed his original action in the 22nd Circuit Court for the County of Washtenaw, State of Michigan.  The matter was removed to the federal court for the Eastern District of Michigan by Appellee-Defendant U.S. Bank National Association on diversity grounds, 28 U.S.C. §1332.  Plaintiff-Appellant sought remand because Appellee-Defendants Orlans & Associates, P.C. and Marshall Isaacs were non-diverse.  The matter stayed before the district court after a determination from the Court that Orlans & Associates, P.C. and Marshall Isaacs were "fraudulently joined" defendants.

## B.  Appellate Court

Jurisdiction in the Court of Appeals for the Sixth Circuit is appropriate pursuant to 12 U.S.C. § 1291.

## C.  Timliness

The final judgment of the United States District Court for the Eastern District of Michigan was rendered on July 20, 2012.  (**R. #23**, *Judgment Entry*).  In accordance with Fed. R. App. P. 4(a)(1), Plaintiff-Appellant filed his timely Notice of Appeal on August 7, 2012.  (**R. #24**, *Notice of Appeal*).

## D.  Finality of Order

The ruling of the United States District Court for the Eastern District of Michigan on July 20, 2012 resolved all claims of all the parties and was therefore appealable. 28 U.S.C. § 1291.

## STATEMENT OF ISSUES

1. Does a borrower have standing to challenge a completed foreclosure sale after expiration of the redemption period?

2. May a borrower raise issues making an assignment of mortgage invalid to attack the assignee's statutory authority to foreclose by advertisement?

3. May Mortgage Electronic Registration Systems, Inc. ("MERS") assign a mortgage as "nominee" despite never being nominated by the creditor holding the indebtedness at the time of the assignment?

## STATEMENT OF THE CASE

### I.    Procedural History

Plaintiff-Appellant Michael Conlin ("Conlin") originally filed this action on October 28, 2011 in the Washtenaw County Circuit Court for the State of Michigan.  On December 6, 2011, Defendant-Appellee U.S. Bank National Association ("U.S. Bank") filed its Notice of Removal on the basis that non-diverse defendants Orlans & Associates, P.C. ("Orlans") and Marshall Isaacs ("Isaacs") were fraudulently joined.  (**R. #1**, *Notice of Removal*).  On December 13, 2011, at a hearing on Conlin's Motion for Temporary Restraining Order, the Court made the

3

initial determination that it had jurisdiction to hear the matter, but invited Conlin to file a written objection. On December 16, 2011, Conlin filed an Objection to Removal and Motion for Remand, asking the Court to reconsider its determination of jurisdiction. (**R. #11**, *Motion for Remand*). The Court denied the request to remand the case. (**R. #21**, *Order Denying Motion for Remand and Reconsideration*).

Defendants each filed motions to dismiss under Fed. R. Civ. P. 12(b)(6). (**R. #7**, *MERS/U.S. Bank Motion to Dismiss*; **R. #18**, *Isaacs/Orlans Motion to Dismiss*.) On July 20, 2012, the Court issued its opinion granting both motions to dismiss. (**R. #22**, *Opinion and Order*).

## II.    <u>The District Court's Findings</u>

The District Court issued its opinion on July 20, 2012. Among the Court's findings were:

1. A borrower lacks standing to challenge a foreclosure sale following the expiration of the redemption period. (**R. #22**, *Opinion and Order, pg. 3*).

2. A non-party to an assignment of mortgage may not contest the assignment if the assignor and assignee do not themselves contest the document. (**R. #22**, *Opinion and Order, pg. 4*).

4

3. Mortgage Electronic Registration Systems, Inc. may assign the mortgage when it was granted the power to assign in the mortgage regardless of its relationship to the creditor. (**R. #22**, *Opinion and Order, pg. 5*).

## STATEMENT OF FACTS

### I.    The Property and Mortgage

This dispute involves real property located at 1304 Belmar Place, Ann Arbor, Washtenaw County, Michigan ("Property" or "Subject Property").  As part of a refinance of the subject property, on or about May 6, 2005, Plaintiff executed an Adjustable Rate Note ("Note") with Bergin Financial, Inc. in the amount of $240,000.  As security for the Note, Plaintiff executed a Mortgage. (**R. #19**, *Response to Motion to Dismiss, Exhibit 2, Mortgage*).  The Mortgage lists MERS as the nominee for lender (Bergin Financial) and as mortgagee under the Mortgage.  Soon after its execution, the Note was sold to a Real Estate Mortgage Investment Conduit ("REMIC") trust to which U.S. Bank was allegedly the trustee for (**R. #19**, *Response to Motion to Dismiss, Exhibit 12, Affidavit of Gregory Tyll*).

On May 15, 2008, Orlans' attorney Isaacs, as Assistant Secretary and Vice President of MERS, purportedly executed an Assignment of Mortgage transferring the mortgage from MERS to U.S. Bank as Trustee (**R. #19**, *Response to Motion to Dismiss, Exhibit 1, Assignment of Mortgage*).  Curiously, the assignment states it

has a retroactive "effective date" of March 15, 2008. *Id.* Further, the assignment falsely[1] claims that it is being transferred "together with the note to which the same is collateral." *Id.*

## II.    The Foreclosure

Orlans, as "attorneys for servicer," began publishing notices of foreclosure on March 5, 2011. (**R. #7**, *Motion to Dismiss, Exhibit D, Notices of Foreclosure*). The servicer was GMAC Mortgage, LLC ("GMAC"). (**R. #6**, *Brief in Opposition to Motion for Temporary Restraining Order, Exhibit #5, pg. 6*). Despite being the party foreclosing the mortgage, GMAC never received an assignment of the mortgage at any time. In Michigan only a mortgagee may foreclose (MCL 600.3204(3)), but it appears GMAC never took receipt of the mortgage.

The Property was sold at a Sheriff's sale on or about March 31, 2011 to U.S. Bank National Association as Trustee for an unnamed trust. (**R. #7**, *Response to Motion to Dismiss, Exhibit D*). According to the Sheriff's Deed, the redemption period expired on September 30, 2011. (**R. #6**, *Brief in Opposition to Motion for Temporary Restraining Order, Exhibit D, Affidavit of Purchaser*).

---

[1] MERS never holds or owns an interest in the indebtedness--its role is as a placeholder for the mortgage. "MERS' status as 'owner of an interest in the indebtedness' does not equate to an ownership interest in the note." *Residential Funding Co. LLC v. Saurman*, 490 Mich. 909; 805 N.W.2d 183 (2011). See also *MERS v. Nebraska Dept. of Banking*, 704 N.W.2d 784 (Neb. 2005).

### III.   "Robosigning" Issues

When Conlin refinanced his home loan through Bergin and received a Mortgage Discharge on the property, "Linda Green" signed the discharge as Vice President for Option One Mortgage.  (**R. #19**, *Response to Motion to Dismiss, Exhibit 3, Discharge*).  A "Linda Green" also signs a Missing Assignment Affidavit on January 2, 2008 that is recorded on the same January 11, 2008 at 10:59 a.m. (**R. #19**, *Response to Motion to Dismiss, Exhibit 4, Missing Assignment Affidavit*).  The signatures on the two documents appear different and are indicative of the recent discovery that Linda Green is a "robosignor."  Linda Green was the subject of a 60 minutes episode where interviewed employees of DocX (the same company used to create the documents in this case) stated on national television that they sat around a table with other employees signing Linda Green's name *thousands of times a day.*[2]

Conlin attached more examples of suspect assignments and affidavits that assigned rights for MERS or member banks created by the same person, Ron Meharg, and same company, DocX, that created the other fraudulent assignments throughout the United States using Linda Green signatures. (**R. #19**, *Response to Motion to Dismiss, Exhibits 5 and 6*).  Many of these assignments have the same

---

[2] Can be seen at http://www.cbsnews.com/video/watch/?id=7361572n

factual scenario as this case: Trust, MERS, Green, DOCX, Ron Meharg and false witnesses.

Five months after refinancing, Orlans and its attorney, Marshal Isaacs, created an assignment from MERS to U.S. Bank at trustee (with no trust mentioned in any notice or assignment) and records this with Washtenaw County on May 20, 2008 stating in the assignment that it is "effective" two months before it was recorded, March 15, 2008. Marshal Isaacs signed as Assistant Secretary and Vice President of MERS. (**R. #19**, *Response to Motion to Dismiss, Exhibit 1*). Pursuant to the assignment, Mr. Isaacs' other employer, Orlans, began foreclosure by advertisement proceedings against Conlin and filed an Affidavit of Posting and Publishing stating that default was made and that the mortgage was then held by U.S. Bank as Trustee.

Marshal Isaacs is also known for being the subject of many robosigning investigations throughout Michigan and Massachusetts. (**R. #19**, *Response to Motion to Dismiss, Exhibit 7*). The notaries signing for Isaacs and Green are suspect as well. Ms. Sowald's Application for Michigan Notary Public Commission does not match her signature on the assignment. (**R. #19**, *Response to Motion to Dismiss, Exhibits 1 and 9*). Ms. Solwold is a commonly used notary for Isaacs, and her signature takes on many forms. (**R. #19**, *Response to Motion to Dismiss, Exhibit 10, Isaacs/Solwold examples*).

8

## **SUMMARY OF ARGUMENT**

The District Court's decision should be reversed. It incorrectly determined that Conlin lacked standing to bring his claims and incorrectly determined that Conlin lacked standing to assert challenges to an assignment of mortgage. Moreover, the Court failed to reach the issue of whether MERS had authority from the creditor to create the assignment of mortgage in the first place.

The *Overton* case relied upon by the District Court to dismiss Conlin's claims for lack of standing has largely been rejected by subsequent courts. Indeed, a careful reading of the *Overton* decision shows it is a decision on the merits and not one based on standing. The court should adopt the conclusion arrived at in other courts--that a borrower plaintiff should have standing to challenge the foreclosure following redemption and prior to summary eviction proceedings.[3]

The District Court misinterpreted the *Livonia* decision, applying it too broadly. As the *Livonia* Court itself noted, a borrower may challenge an assignment as being "absolutely invalid." Discussions on this topic both in Michigan and around the country suggest that a borrower may raise issues that

---

[3] See e.g. *Langley v. Chase Home Fin., LLC,*No. 1:10-cv-604, 2011 WL 1130926, at *2 n.2 (W.D. Mich. Mar. 28, 2011); *Ahmad v. Wells Fargo et al,* No. 11-15204 (E.D. Mich. Feb. 27, 2012).

show the assignment to be an impossibility[4], a forgery[5], or may raise issues to question a defendant's statutory right to foreclose.[6]

Conlin's last theory—that the assignor, MERS, as a stranger to the creditor, could not have transferred the mortgage to the assignee—is not an "attack on the assignment" itself, and thus not governed by the case law holding that debtors lack standing to raise such attacks. Conlin simply points out that the assignment did nothing as a matter of fact, because MERS could not make an assignment as "nominee" when it had not be nominated by the current creditor.

## STANDARD OF REVIEW

Conlin's Complaint was dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. This Court reviews grants of Rule 12(b)(6) motions de novo. *Courie v. Alcoa Wheel & Forged Prods.,* 577 F.3d 625, 629 (6th Cir. 2009). "To survive a motion to dismiss, [plaintiff] must allege `enough facts to state a claim to relief that is plausible on its face.'"*Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.,* 615 F.3d 622, 627 (6th Cir.2010) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). All facts in the complaint must be accepted as true.

---

[4] See *Drouin v. American Home Mortgage Servicing, Inc.,* No. 2012-DNH-089, (Dist. N.H. May 18, 2012).
[5] See *Talton v. BAC Home Loans Servicing, LP,* 839 F.Supp.2d 896 (2012).
[6] See *Moss v. Wells Fargo Bank, N.A.,* No. 11-13429 (E.D. Mich. March 28, 2012).

*Courie,* 577 F.3d at 629 (citing *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173

L.Ed.2d 868 (2009)).

## ARGUMENT

### I.   A Borrower Has Standing to Challenge a Completed Foreclosure Sale Following the Expiration of the Redemption Period

Citing the unpublished case of *Overton v. Mortgage elec. Reg. Sys.,* 2009

WL 1507342 (Mich. App. May 28, 2009), the District Court held that a borrower

lacks standing to challenge a completed foreclosure sale following the expiration

of the redemption period.  (**R. #22,** *Opinion and Order, pg. 3*).  The Court further

followed *Overton* in stating that the only way to allow an equitable extension of

the period to redeem was if there was a clear showing of fraud or irregularity.  *Id;*

*Overton* at *1.  The Court further cites two unpublished cases from the Eastern

District of Michigan that similarly interpreted the *Overton* decision, *Moriarty v.*

*BNC Mortgage, Inc.,* 2010 WL 5173830 (E.D. Mich. Dec. 10, 2010) and *Luster v.*

*MERS, Inc.,* 2012 WL 124967 at *2 (E.D. Mich. Jan. 17, 2012).

Other courts that have addressed standing challenges based on *Overton* have

noted that standing was not really the proper theory on which to seek dismissal.

*See Brezzell v. Bank of America, N.A.,* No. 11-11467, 2011 WL 2682973, at *4 n.3

(E.D. Mich. Jul. 11, 2011) (Edmonds, J.); *Langley v. Chase Home Fin., LLC,* No.

1:10-cv-604, 2011 WL 1130926, at *2 n.2 (W.D. Mich. Mar. 28, 2011) (Jonker,

J.); *see also Lamie v. Federal Home Loan Mortgage Corp.,* No. 1:11-cv-156, at *3

(E.D. Mich. May 21, 2012) (Neff, J.).  Judge Edmonds noted in *Brezzell*, 2011 WL

2682973, at *4 n.3, that the *Langley* court concluded that "the `standing' discussion

[in *Overton*] that many defendants raise is a bit of a red herring, and that courts

should view *Overton* as a merits decision and not a standing decision." As

explained in *Langley*:

> Defendants routinely seek dismissal based on an unpublished decision
> of the Michigan Court of Appeals, *Overton v. MERS,* 2009 Mich.
> App. Lexis 1209 (May 28, 2009). Many Defendants suggest the basis
> for the ruling in *Overton* is a lack of Plaintiff's standing once the
> redemption period expires, but the Court of Appeals does not actually
> say this. Nor would it seem like Article III standing could possibly be
> in doubt. After all, the Plaintiffs in such cases are the last lawful
> owner and possessor of the property. Moreover, they often remain in
> continuing possession of the property notwithstanding any Sheriff's
> sale and expiration of a redemption period. Moreover, Plaintiffs in
> such cases claim a continuing right to lawful ownership and
> possession based on defects in the process used by Defendants to
> divest them of those rights. This certainly seems to satisfy the basic
> Article III requirement of "injury in fact," as well as any prudential
> considerations tied to a "zone of interests" analysis. Indeed, it is hard
> to imagine a person with a better claim to standing to challenge the
> process at issue. Of course, having standing to bring a claim does not
> mean you have a valid claim on the merits. That is a different
> question. *Overton* is best viewed as a merits decision, not a standing
> case.

*Langley*, 2011 WL 1130926, at *2 n.2; *see also Moss v. Wells Fargo Bank,*

*N.A.,* No. 11-13429, 2012 WL 1050069, at *3-4 (E.D. Mich. Mar. 28, 2012)

(Lawson, J.) (rejecting the standing argument under Michigan law); *Richardson v.*

*Federal Home Loan Mortgage Corporation,* 11-cv-14830 (E.D. Mich. Aug. 7,

2012) (same).

Michigan Courts have consistently given defendants in summary proceedings standing to challenge an improper foreclosure sale. Borrowers may challenge the validity of a foreclosure sale in the context of eviction even after the redemption period expired. *Reid v. Rylander,* 270 Mich. 263, 267; 258 N.W. 630, 631 (1935); *Manufacturers Hanover Mortgage Corp. v. Snell,* 142 Mich. App. 548, 553-554, 370 N.W.2d 401, 404 (1985). The *Manufacturers Hanover* Court stated:

> The Supreme Court has long held that the mortgagor may hold over after foreclosure by advertisement and test the validity of the sale in the summary proceeding. *Reid v. Rylander,* 270 Mich. 263, 267; 258 N.W. 630, 631 (1935); *Gage v. Sanborn,* 106 Mich. 269, 279; 64 N.W. 32 (1895). Otherwise, the typical mortgagor who faces an invalid foreclosure would be without remedy, being without the financial means to pursue the alternative course of filing an independent action to restrain or set aside the sale. *Reid, supra* at 631;...The mortgagor may raise whatever defenses are available in a summary eviction proceedings. MCL 600.5714; MSA 27A.5714; *Federal National Mortgage Ass'n v. Wingate,* 404 Mich. 661, 676 fn. 5; 273 N.W.2d 456 (1979). The district court has jurisdiction to hear and determine equitable claims and defenses involving the mortgagor's interest in the property. MCL 600.8302(3); MSA 27A.8302(3);...

*Manufacturers Hanover Mortgage Corp. v. Snell,* 142 Mich. App. 548, 553-554, 370 N.W.2d 401, 404 (1985).

Aside from rejecting *Overton,* courts have also reasoned that the language in *Hanover* and *Reid* suggest that it would actually be preferable if a mortgagor has the "financial means to pursue the alternative course of filing an independent

action" and the mortgagor does file an action to set aside the sale. As at least one other court has noted, "given that Michigan law does not divest a mortgagor of the right to raise procedural defects in the foreclosure process in a summary eviction proceeding--a proceeding that necessarily occurs after the statutory redemption period...it follows that it should not deprive a mortgage of standing if she takes the role of plaintiff and asserts claims based on the very same defects." *Ahmad v. Wells Fargo Bank, NA,* No. 11-15204, at *4 (E.D. Mich. Feb. 27, 2012); citing *Reid v. Nusholtz,* 264 Mich. 220, 224; 229 N.W. 831, 832 (1933) ("There were three methods of procedure available to defendants after foreclosure....They could file a bill and have the sale set aside, or, *which was equivalent thereto,* hold over after redemption had expired and test the validity of the sale in the summary proceedings." (emphasis added)).

In sum, the Court erred by using the *Overton* decision to dismiss Conlin's non-fraud claims, such as his claim based on lack of notice of the foreclosure under MCL § 600.3205a. Conlin alleges the continued ownership of the subject property based upon an illegal and invalid foreclosure sale. There should be no question that Conlin's allegation of continued ownership is sufficient to satisfy the constitution and prudential standing requirements to bring his claims. This Court should adopt the sound reasoning in *Langley* as its own and settle the dispute in this circuit.

## II.    A Borrower May Raise Challenges to an Assignment Showing It to be Absolutely Invalid

After dismissing the majority of Conlin's claims for lack of standing, the Court turns to Conlin's claims of "robosigning" and fraud, which it acknowledges would toll the expiration of the redemption period. However, the Court concludes that Conlin lacks standing to raise claims of fraud too, because those claims point to fraud contained in an assignment of mortgage to which Conlin was not a party. For its holding, the Court relies on the case of *Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC,* 717 F. supp.2d 724, 735 (E.D. Mich.), aff'd, 399 Fed. Appz. 97 (6th Cir. 2010), cert. denied, 131 S.Ct. 1696 (2011). (**R. #22**, *Opinion and Order, pg. 4*). Further, the Court relies on the unpublished case of *Cable v. MERS, Inc.,* 2012 WL 642129 at *3 (E.D. Mich. Feb. 28, 2012) to add an additional hurdle to challenging the assignment, saying that even though Conlin raises defenses that would make the assignment absolutely invalid, Conlin can only raise those defenses if a "party to the assignment has challenged it." (**R. #22**, *Opinion and Order, pg. 4*).

### A.    Standing to Challenge an Assignment of Mortgage

Many courts summarily dismiss borrower claims stemming from fraud, irregularities, lack of authority or impossibility of the assignment by accepting at face value the very broadest pronouncements in the *Livonia* opinion--essentially

holding that a borrower may never attack an assignment of mortgage.[7] As was the case here, these district court decisions avoid addressing what defenses may be raised to show an assignment to be "absolutely invalid." But some courts carefully reading *Livonia* find standing in a borrower to raise certain defenses.

> It is true that the *Livonia Properties* opinion contains the statement that "there is ample authority to support the proposition that `a litigant who is not a party to an assignment lacks standing to challenge that assignment,'" *Livonia Properties,* 399 Fed.Appx. at 102 (quoting *Livonia Property Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC,* 717 F.Supp.2d 724, 736-37 (E.D. Mich. 2010)); but when read carefully the case does not stand for such a general and unqualified position. The Court believes, therefore, that *Livonia Properties* does not compel the conclusion that a foreclosure plaintiff can never attack the foreclosure by challenging the validity of an underlying assignment.

> *Talton v. BAC Home Loans Servicing LP,* 839 F. Supp. 2d 896, 911 (E.D.

Mich. 2012).

The *Livonia* court lists only one example in which a borrower may attack an assignment as absolutely invalid: "nonassignability of the right assigned." *Livonia* at 735. As discussed later, Conlin argues that MERS lacked authority to assign the mortgage from the creditor, which would seem to fall within this category. Through this argument, Conlin is showing that the conveyance contained in the document *could not have occurred as a matter of fact.* Increasingly, courts around

---

[7] See e.g. *Malloy v. PNC Bank,* No. 11-12922 (E.D. Mich. Jan. 23, 2012); *Jarbo v. BAC Home Loan Serv.,* No. 10-12632, 2010 WL 5173825, *8 (E.D. Mich. Dec. 15, 2010).

the country, after analyzing the same treatises examined by the *Livonia* court, are

noting that this is a distinction that must be made.  For example:

> Simply put, the Drouins do not argue that the assignment was
> somehow technically deficient or flawed as a matter of law (and thus
> voidable or even void); they claim that the purported assignment
> never took place as a matter of fact, that it simply never occurred.
> Their theory—that the assignor, as a stranger to the mortgage, could
> not have transferred it to the assignee—"is not an attack on the
> Assignment itself," and thus not governed by the case law holding that
> debtors lack standing to raise such attacks.

*Drouin v. American Home Mortgage Servicing, Inc.,* No. 2012-DNH-089,

(Dist. N.H. May 18, 2012).

Conlin raises other issues which should render the assignment absolutely

invalid, such as showing the assignment to be forged. In Michigan, forged

documents transferring an interest in real property are invalid as a matter of law

and have no force and effect. When a deed is forged, those ostensibly acquiring an

interest under the forged deed, even innocently, are in no better position with

respect to title than if the acquisition of the interest was with notice of the forgery.

*Felcher v. Dutton,* 265 Mich. 231, 233; 251 N.W. 332 (1933) ("The mortgage to

the loan association rests on a deed which is in effect a forgery and at any rate is

null and void."); *Horvath v. Nat'l Mortgage Co.,* 238 Mich. 354, 360; 213 NW 202

(1927); *Special Prop. VI, LLC v. Woodruff,* 273 Mich. App. 586, 591; 730 N.W.2d

753 (2007); *Horton v Verhelle,* 231 Mich. App. 667, 677; 588 NW2d 144 (1998),

overruled in part on other grounds in *Smith v Globe Life Ins Co,* 460 Mich 446

(1999); *VanderWall v. Midkiff,* 166 Mich. App. 668, 685; 421 N.W.2d 263 (1988).

There is no such thing as a bona fide holder under a forged deed, whose good faith

would confer a right against the party whose name was forged, or those claiming

under him or her. *Felcher, supra* at 233; *Horvath, supra* at 360; *Special Prop. VI,*

*supra* at 591; *Horton, supra* at 677; *VanderWall, supra* at 685.  The rule applies to

forged papers, too.  *Lee v. Kellogg,* 108 Mich. 535, 536; 66 N.W. 380 (1896)

("[f]orged papers cannot be made the basis of a recovery, either at law or in

equity, against the supposed maker, or those in good faith holding and owning the

genuine papers.") (emphasis added).  The Talton court listed forgery as an example

of something making a document "invalid":

> The statute requires that the party initiating foreclosure actually *be* the
> holder of the note or the mortgage or the servicer; a party wishing to
> foreclose by advertisement must strictly comply with that
> requirement. *Livonia Properties* does not foreclose a challenge to
> compliance with the statute based on an argument that because an
> assignment was invalid (for example, because it was a forgery), the
> purported mortgage-holder did not actually hold the mortgage and
> therefore was not entitled to foreclose. A successful challenge on this
> ground would mean, simply, that the foreclosure by advertisement
> was void.
>
> *Talton* at 907.

It does not matter that the person showing there to be a forgery was not a

party to the document, because a forgery is simply void, or absolutely invalid, as a

matter of law.  Conlin, quite plainly and directly, alleges that the assignment of

mortgage was forged, "robosigned," and improperly notarized by Orlans and

Isaacs, or someone purporting to be Mr. Isaacs.  Further, Conlin's claim that the
assignment is invalid go to the heart of whether Michigan's foreclosure by
advertisement was followed--whether the foreclosing party held title to the
mortgage as required by MCL § 600.3024(3) and whether it held an interest in the
indebtedness required by MCL § 600.3204(1)(d).  At the least, Conlin's claims of
fraud in the assignment should have survived this motion to dismiss.

**B.     Conlin Need Not "Challenge" the Assignment to Show Fraud
Under Michigan Law**

"The general rule is that to constitute actionable fraud it must appear: (1)
That defendant made a material representation; (2) that it was false; (3) that when
he made it he knew that it was false, or made it recklessly, without any knowledge
of its truth and as a positive assertion; (4) that he made it with the intention that it
should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6)
that he thereby suffered injury." *Hi-Way Motor Co. v. International Harvester
Co.,* 247 N.W. 2d 813 (Mich. 1976).

There is no requirement that the fraud complained of be contained in a
document the plaintiff has standing to challenge.  Indeed, so long as the false
statement was made with the intent that the plaintiff rely on it, regardless of who
the statement was directed towards, it is sufficient to satisfy the elements of fraud.
Here, the assignment may have involved only two parties--the assignor and
assignee.  However, the statements contained therein were generally made for the

19

public at large and specifically to the borrower himself as public notice that the

assignee now holds the Mortgage.  Conlin relied on the false statement that MERS

could assign the mortgage.  And this assignment goes further, falsely stating that it

is transferring the Note as well. (**R. #19**, *Response to Motion to Dismiss, Exhibit 1,*

*Assignment of Mortgage*).

### III.   MERS Lacked Authority to Act as "Nominee" and Could Not Assign the Mortgage Without a Relationship With the Promissory Note's Owner

#### A.   MERS Could Not Act Without Authority From the Creditor Trust

MERS acts not in its own capacity, but rather as "nominee" for the

creditor/lender. (**R. #19**, *Response to Motion to Dismiss, Exhibit 2, Mortgage at pg.*

*1*).  So, if MERS was not nominated to act for the creditor/lender, what authority

does it have to assign the mortgage on the creditor/lender's behalf?  The answer

should be clear--a nominee possesses no rights beyond those granted to it by the

principal.  Without a nomination from the creditor, MERS possesses no right to

hold or assign the mortgage.

It is not disputed that MERS was nominated by the original lender Bergin

Financial, as evidenced by the Mortgage.  (**R. #19**, *Response to Motion to Dismiss,*

*Exhibit 2, Mortgage at pg. 1*).  However, it is also not disputed that the Note

passed to a different creditor shortly after its execution--the REMIC trust.  There is

nothing suggesting that the REMIC trust nominated MERS to act as mortgagee and Conlin was prevented from seeking discovery to prove this point.

There are very few cases discussing the term "nominee" in Michigan, but it is axiomatic that a nominee must be "nominated" by the principal to act with regard to the principal's rights and interests. After recognizing this lack of precedent, the Court of Appeals in the unpublished case of *Fair v. Moody,* No. 278906 (Mich. App. Dec. 23, 2008) deferred to discussions on the topic in the cases of *MERSCORP, Inc. v. Romaine,* 8 N.Y.3d 90, 96; 861 N.E.2d 81; 828 N.Y.S.2d 266 (2006) and *Landmark National Bank v. Kesler,* 289 Kan. 528, 538, 216 P.3d 158 (2010). *Moody* at 4. These courts note that the word "nominee" is defined as "[a] person designated to act in place of another, usu. in a very limited way" or "[a] party who holds bare legal title for the benefit of others." Black's Law Dictionary 1076 (8th ed 2004). "This definition suggests that a nominee possesses few or no legally enforceable rights beyond those of a principal whom the nominee serves." *Landmark National Bank v. Kesler,* 289 Kan. 528, 538, 216 P.3d 158 (2010). "The legal status of a nominee, then, depends on the context of the relationship of the nominee to its principal." *Id.* The *Landmark* Court then rejected the bank's attempt to redefine the term nominee away from its traditional meaning. "The parties appear to have defined the word [nominee] in much the same way that the blind men of Indian legend described an elephant—their

description depended on which part they were touching at any given time."

*Landmark Nat'l Bank v. Kesler,* 289 Kan. 528, 216 P.3d 158, 166-67 (2010).

In short, MERS cannot act as a "nominee" unless it is given such authority by the principal. In this case, the principal is the Trust. Without a nomination, MERS lacked the authority or right to assign the Mortgage. And without the assignment, Appellees lacked the statutory authority to foreclose by advertisement.

**B.     The Assignment of Mortgage is a Nullity Because It Was Created Without the Note or Any Relationship to the Note**

It has been a longstanding legal principle around the country that an assignment of mortgage without the note is a "nullity." *Carptenter v. Longan,* 83 U.S. 271 (1873) ("The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity."); see also *Ginsberg v. Capitol City Wrecking Co., 300 Mich. 712, 717, 2 N.W.2d 892 (1942).* The rule is ancient in Michigan and around the country. See also *Cicotte v. Gagnier*, 2 Mich. 381 (1852); *Bloomer v. Henderson, 8 Mich.* 895 (1860); *Croft v. Bunster,* 9 Wis. 503 (Wis. 1859); *Taylor v. Page, 6 Allen*, 86 (Mass. 1863); *Pierce v. Faunce,* 47 Maine 507.

The mortgage banking industry has consistently argued and succeeded in arguing that the Michigan Supreme Court has allowed MERS to sidestep this legal

principle because of its contractual relationship to the Note's owner.[8]  In other words, banks have successfully argued that there is not truly a separation of the Note from the Mortgage because MERS is the nominee to the lender.

What the Saurman decision did not address, however, was what happens when MERS was not nominated by the creditor holding the indebtedness at the time of the assignment of mortgage, as is the case here.  In this matter, MERS has nothing to do with the indebtedness either on its own or as "nominee"--it is only the record holder of the Mortgage by virtue of the fact that the creditors had failed to take it out of MERS' name when the debt was transferred to a non-MERS member.

Without any relationship to the creditor, the assignment truly took place without the Note.  This Court must reaffirm the longstanding rule that an assignment without the Note is a "nullity" as a matter of law.

Worry about the separation of the Note from the Mortgage may explain the false statement contained in the Assignment of Mortgage itself--that the Mortgage was being assigned "together with the note to which the same is collateral." (**R. #19**, *Response to Motion to Dismiss, Exhibit 1, Assignment of Mortgage*).  This is

---

[8] MERS "is `the owner ... of an interest in the indebtedness secured by the mortgage' at issue in each of these consolidated cases" because '[MERS'] contractual obligations as mortgagee were dependent upon whether the mortgagor met the obligation to pay the indebtedness which the mortgage secured.'" *Residential Funding Co., LLC v. Saurman,* 490 Mich. 909, 805 N.W.2d 183 (Mich. 2011).

patently false.  MERS itself often argues that it never holds the Note nor does it have a direct interest in the indebtedness.  See e.g. *MERS v. Nebraska Dept. of Banking,* 704 N.W.2d 784 (Neb. 2005); *In re Agard* 444 B.R. 231, 246 (Bankr. E.D.N.Y. 2011).

## **CONCLUSION**

For the foregoing reasons, Conlin respectfully requests that this Court reverse the District Court's Opinion and Order, deny Defendant-Appellees' Motion to Dismiss, and remand the case for further proceedings.


Respectfully submitted,


LAW OFFICES OF BRIAN P. PARKER

Dated: October 5, 2012          ___/s/___ Brian P. Parker_____
                                BRIAN P. PARKER (P 48617)
                                Attorney for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2012, I electronically filed the foregoing Appellant's Brief with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to counsel below, and further by sending a copy via first class mail to counsel at their respective addresses:

DYKEMA GOSSETT
Thomas M. Schehr
Michael J. Blalock
Attorney for MERS and U.S. Bank
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0700
tschehr@dykema.com
mblalock@dykema.com

Timothy B. Myers (P48152)
Attorney for Orlans and Isaacs
1650 W. Big Beaver Road
Troy, MI 48084
(248) 502-1362
tmyers@orlans.com

Respectfully submitted,

LAW OFFICES OF BRIAN P. PARKER

Dated: October 5, 2012

_____/s/_____Brian P. Parke_____
BRIAN P. PARKER (P48617)
Attorney for Conlin
30600 Telegraph Rd., Ste. 1350
Bingham Farms, MI 48025
Tel: (248) 642-6268
Fax: (248) 642-8875
brianparker@collectionstopper.com

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

| Description of Item | Record No. | Filing Date |
| --- | --- | --- |
| Notice of Removal | 1 | 12/06/2011 |
| Response to Motion for TRO | 6 | 12/12/2011 |
| Ex. 5--Notice of Foreclosure | 6 | 12/12/2011 |
| Motion to Dismiss | 7 | 12/12/2011 |
| Ex. D--Notice of Foreclosure | 7 | 12/12/2011 |
| Ex. D--Aff. of Purchaser | 7 | 12/12/2011 |
| Motion to Remand | 11 | 12/16/2011 |
| Motion to Dismiss | 18 | 3/13/2012 |
| Response to Motion to Dismiss | 19 | 4/04/2012 |
| Ex. 1--Assignment | 19 | 4/04/2012 |
| Ex. 2--Mortgage | 19 | 4/04/2012 |
| Ex. 3--Discharge of Mortgage | 19 | 4/04/2012 |
| Ex. 4--Aff. of Missing Assignment | 19 | 4/04/2012 |
| Ex. 5--Linda Green/DocX Issues | 19 | 4/04/2012 |
| Ex. 6--Linda Green/DocX Issues | 19 | 4/04/2012 |
| Ex. 7--Robosigning Investigations | 19 | 4/04/2012 |
| Ex. 9--Solwold Notary Public App. | 19 | 4/04/2012 |
| Ex. 10--Isaacs/Solwold Signatures | 19 | 4/04/2012 |

Ex. 12--Aff. of Gregory Tyll          19          4/04/2012

Order Denying Motion to Remand          21          5/17/2012

Order Granting Motion to Dismiss          22          7/20/2012

Judgment          23          7/20/2012

Notice of Appeal          24          8/07/2012