**Case No. 12-2021**

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

MICHAEL J. CONLIN,

Plaintiff—Appellant,

-vs-

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE, ORLANS AND ASSOCIATES, P.C., and MARSHALL ISAACS,

Defendants—Appellees.

*On appeal from the United States District Court for the Eastern District of Michigan, Southern Division, Case No. 5:11-cv-15352, Hon. John Corbett O'Meara*

## BRIEF OF APPELLEES MARSHALL ISAACS AND ORLANS ASSOCIATES, P.C.

By:    TIMOTHY B. MYERS (P48152)
Attorney for Appellees Orlans & Isaacs
1650 W. Big Beaver Rd.
Troy, MI 48084
(248)502-1362
tmyers@orlans.com

## DISCLOSURE OF CORPORATE AFFILIATIONS
## AND FINANCIAL INTERESTS

Pursuant to the 6th Circuit Court of Appeals Rule 26.1, Appellee Orlans Associates, P.C. makes the following disclosures:

1. Are any of said parties subsidiaries or affiliates of a publically owned corporation?

ANSWER: NO

If the answer is YES, list below the identity of the parent corporation or affiliate and the relationship between it and the named parties.

ANSWER: Not applicable

2. Is there a publically owned corporation, not a party to the appeal, that has a financial interest in the outcome?

ANSWER: NO

If the answer is YES, list the identity of such corporation and the nature of the financial interest.

ANSWER: Not applicable

i

# TABLE OF CONTENTS

Disclosure of Corporate Affiliations and Financial Interests…….………….i

Table of Authorities……………………………………………………...iii

Statement in Support of Oral Argument…………………………………iv

Jurisdictional Statement…………………………………………………..1

Counter Statement of Issues for Review……………………………........2

Counter Statement of the Case……………………………………………3

Counter Statement of Facts……………………………………….............4

Summary of Argument……………………………………………………6

Standard of Review……………………………………………………….6

Argument………………………………………………………….……...6

    Did Appellant waive his claims of error against Orlans
    Associates, P.C. and Marshall Isaacs when he failed to appeal
    the trial court's findings in the December 16, 2011 Order that
    his claims could only be maintained against the foreclosing
    party (and not the foreclosing party's law firm)?................................6

    Did Appellant identify reversible error in the trial court's
    July 20, 2012 order granting motions to dismiss?...............................7

Conclusion………………………………………………………………12

Certificate of Compliance with Rule 32(A)…………………………...13

Certificate of Service……………………………………………………14

Designation of Relevant District Court Documents………………….15

# TABLE OF AUTHORITIES

## Case Law
*Ashcroft v. Iqbal*,
556 U.S. 662; 129 S.Ct. 1937; 173 L Ed 2d 868 (2009)..................9, 10, 11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544; 127 S Ct 1955; 167 L Ed 2d 929 (2007)........................9, 11

*Hi-Way Motor Co v. Int'l Harvester Co*,
398 Mich. 330; 247 N.W.2d 813 (1976).............................................10

*Markoff v. Tournier*,
229 Mich 571; 201 NW 888 (1925).....................................................8

*Moses, Inc. v. Southeast Mich. Council of Gov'ts*,
270 Mich App 401; 716 N.W.2d 278 (2006).........................................8

*Reid v. Rylander*,
270 Mich 263; 258 NW 630 (1935).....................................................8

*Senters v. Ottawa Savings Bank, FSB*,
443 Mich 45; 503 N.W.2d 639 (1993).................................................8

*Sweet Air Investment, Inc. v. Kenney*,
275 Mich App 492; 739 NW2d 656 (2007)..........................................8

*United States v. Garno*,
974 F. Supp. 628 (E.D. Mich 1997).....................................................8

*White Oak Prop. Dev., LLC v. Wash. Twp.*,
606 F.3d 842 (6th Cir. 2010)..............................................................7

## Statutes

MCL 600.3236......................................................................................5, 8

iii

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Appellees Orlans Associates, P.C. and Marshall Isaacs believe the issues raised in this appeal are fairly presented and addressed in the Briefs, and request oral argument only to the extent the Court believes it necessary to reach a full understanding of the factual or legal issues.

## JURISDICTIONAL STATEMENT

Appellees Orlans Associates, P.C. and Marshall Isaacs agree that the trial court had diversity jurisdiction over the claims asserted under 28 U.S.C. § 1332, and that this Court has jurisdiction under 12 U.S.C. § 1291.

# COUNTER STATEMENT OF ISSUES PRESENTED

I.     Did Appellant waive his claims of error against Orlans Associates, P.C. and Marshall Isaacs when he failed to appeal the trial court's findings in the December 16, 2011 Order that his claims could only be maintained against the foreclosing party (and not the foreclosing party's law firm)?

    Appellees answer:    YES

    Appellant answers:    NO

II.    Did Appellant identify reversible error in the trial court's July 20, 2012 order granting motions to dismiss?

    Appellees answer:    NO

    Appellant answers:    YES

## COUNTER STATEMENT OF THE CASE

This action arises out of Appellant's default on his residential mortgage, and challenges the mortgage foreclosure.

In November 2011 Appellant filed suit in Washtenaw Circuit Court, seeking to declare the mortgage foreclosure void. (RE No. 1.) The suit named as defendants the current holder of the property through a sheriff's deed (U.S. Bank National Association as trustee), the prior record holder of the mortgage (Mortgage Electronic Registration Systems, Inc., or "MERS"), and the law firm who assisted U.S. Bank National Association with the foreclosure (Orlans Associates, P.C.) and one of its employees (Marshall Isaacs). (RE No. 1.)

On or about December 6, 2011 MERS and U. S. Bank National Association Removed the case to the United States District Court for the Eastern District of Michigan, Southern Division. (RE No. 1.)

On December 13, 2011 Appellant filed a Motion to Remand. (RE No. 9.) On December 16, 2011 the trial court issued an Order that, *inter alia*, denied remand and determined that Orlans and Isaacs had been fraudulently joined to the suit in an attempt to destroy diversity jurisdiction. (RE No. 12.) Appellant does not appeal from the December 16, 2011 Order.

All Defendants filed Motions to Dismiss. (RE Nos. 7 and 18.) When those motions were fully briefed, the trial court issued a written opinion dismissing the case. (RE No. 22.)

Appellant timely filed his claim of appeal.

## COUNTER STATEMENT OF FACTS

Orlans is a Michigan law firm that assists mortgage-industry clients with foreclosure-related activity. (RE No. 1-2 at page id 16, ¶ 2.) Marshall Isaacs is employed by Orlans as an attorney. (RE No. 1-2 at page id 17, ¶ 5.) Isaacs signed the assignment of Appellant's mortgage from MERS to U. S. Bank National Association in 2008, and it is not disputed that he was authorized to sign assignments of mortgage on behalf of MERS at the time he executed this assignment. (RE No. 1-2 at page id 17, ¶ 5.)

As discussed in extensive detail in the response brief filed by MERS and U. S. Bank National Association, Appellant executed a residential mortgage in 2005. The original mortgagee was MERS, and in 2008 MERS assigned its interest in the mortgage to U. S. Bank National Association as trustee. Appellant subsequently defaulted on his repayment obligations and in March 2011 the mortgage was foreclosed and the property sold at sheriff's sale. The property carried a six month statutory redemption, but Appellant failed to exercise this right. Consequently, in September 2011 the redemption period expired, vesting title in U. S. Bank National

Association and extinguishing Appellant's rights to the property. *See* M.C.L. § 600.3236.

Appellant filed his suit in November 2011, alleging various theories as to why the foreclosure was defective. Appellant sought Remand of the case, based on the existence of Orlans and Isaacs as Michigan defendants, but that request was denied. (RE No. 12.) As part of that decision, the trial court determined that Appellant's claims did not lie against Orlans or Isaacs, but only against U.S. Bank. (RE No. 12, page id 734-735.) Appellant has not appealed that finding.

All defendants later filed motions to dismiss, and the trial court granted that based on Appellant raising the challenge to his foreclosure after the redemption period had expired, Appellant not being entitled to an extension of the redemption period because he had failed to allege fraud or irregularity in the foreclosure sale, Appellant not being a party to the assignment of mortgage he was attempting to challenge, Appellant failing to state a legally cognizable basis for challenging the assignment of mortgage, Appellant failing to make allegations that were more than speculation, and Appellant failing to establish that MERS lacked authority to assign its interest in the mortgage to U. S. Bank National Association as trustee. (RE No. 12.)

## SUMMARY OF ARGUMENT

Appellant's Complaint alleges that Orlans and Isaacs committed "fraud" in the foreclosure process. Appellant, however, has not challenged the trial court's finding that Orlans and Isaacs were fraudulently joined to the suit, or that the allegations made do not establish a case of action against foreclosure counsel; the failure to challenge these issues should be deemed a waiver on appeal. Moreover, Appellant has failed to identify a reversible error in the trial court's Order granting the motions to dismiss.

## STANDARD OF REVIEW

Orlans and Isaacs concur with the standard of review set forth in Appellant's brief, which states that this Court's review is *de novo*.

## ARGUMENT

**I.    Appellant has not challenged the trial court's determination that Orlans and Isaacs were fraudulently joined to this suit, or that foreclosure-related challenges such as those asserted by Appellant do not lie against foreclosure counsel, and those claims should be considered waived.**

The trial court, in its December 16, 2011 Order denying Remand, expressly found that Appellant's claims against Orlans and Isaacs were without merit. The trial court noted that "[i]n cases challenging mortgage foreclosures such as this one, a plaintiff does not have a cause of action foreclosure counsel, who serves as an agent for the bank. Here, Orlans Associates, P.C., and Marshall Isaacs served

as agents for U.S. Bank. Plaintiff's state law claims, if any, are against the principal, U. S. Bank, not the agents. Accordingly, the court finds that Orlans Associates and Isaacs were fraudulently joined and that it has diversity jurisdiction." (RE No. 12, page id 734-735.)

Appellant has failed to assign any claim of error to the trial court's finding in the December 16, 2011 order. On appeal, Appellant's challenges are limited to the grounds stated in the July 20, 2012 Order granting the motions to dismiss. The July 20, 2012 Order focuses on why the foreclosure process could not be challenged by Appellant, either because of the untimeliness of his challenge or the failure to sufficiently plead a cognizable claim. Those grounds for dismissal are clearly directed at the *foreclosure process*; the trial court, however, had previously determined that Appellant's asserted challenges to the *foreclosure process* were only available against the foreclosing party, not the foreclosing party's law firm.

This Court has held that issues not raised in appellate briefs are deemed waived. *White Oak Prop. Dev., LLC v. Wash. Twp.*, 606 F.3d 842, 854 (6th Cir. 2010). Appellant's failure to challenge the trial court's findings from the December 2011 Order should be deemed a waiver of those issues.

### II. Appellant has failed to identify a reversible error in the trial court's July 20, 2012 Order granting motions to dismiss.

Even if Appellant had taken issue with the trial court's December 16, 2011 Order denying Remand, he still fails to identify a reversible error in the July 20,

7

2012 Order. This appeal seems to suggest that Appellant misunderstands when he must assert a challenge to a foreclosure and what is required to do so.

It is well-settled law in Michigan that following foreclosure, the rights and obligations of the parties are governed by statute. *Senters v. Ottawa Savings Bank, FSB,* 443 Mich 45, 50-53; 503 N.W.2d 639 (1993). Under M.C.L. §600.3236, expiration of the redemption period vests all right, title, and interest in the property in the purchaser at sheriff's sale. *See also, Moses, Inc. v. Southeast Mich. Council of Gov'ts,* 270 Mich App 401, 716 N.W.2d 278, 286 (2006).

The Michigan Supreme Court has long held that only the *sale procedure* may be challenged after a sale. *Reid v. Rylander,* 270 Mich 263, 267; 258 NW 630 (1935). The Michigan Court of Appeals observed that "[i]t would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *Sweet Air Investment, Inc. v. Kenney,* 275 Mich App 492, 497; 739 NW2d 656 (2007), quoting *United States v. Garno,* 974 F. Supp. 628, 633 (E.D. Mich 1997). In a similar vein, the Michigan Supreme Court has held that statutory foreclosures will only be set aside if "very good reasons" exist for doing so. *Markoff v. Tournier,* 229 Mich 571, 575; 201 NW 888 (1925).

Contrary to Appellant's contention that the trial court primarily rested its decision on the expiration of the redemption period, the July 20, 2012 opinion establishes that the fraud and irregularity factors <u>were</u> considered: "[i]n order to

8

overcome…[lack of standing] and toll the redemption period…[Conlin] must demonstrate fraud or irregularity in connection with the foreclosure sale." (RE No. 22, page id 1145.)

The trial court made clear that Appellant's claims of fraud failed because of the specific allegations he raised. That is, his assertions of fraud in the *foreclosure process* included (1) the assignment of mortgage was "robosigned" or otherwise contained "forged" signatures, and (2) MERS lacked a sufficient interest, or otherwise did not have authority, to make the assignment of mortgage to U. S. Bank National Association as trustee.

Appellant's central argument seems to be that he made an allegation of fraud and therefore the court "must" accept it as true, no matter what. This argument overlooks the directives from *Twombly* and *Iqbal* that require more than mere conclusory statements be provided in a complaint: "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). A properly pleaded complaint requires "more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.

At best, Appellant's assertions regarding the "forged" assignment was (as the trial court noted) pure speculation. As explained in greater detail in MERS' and U.S. Bank's brief, the two entities that would have an interest in disputing the validity of the assignment—MERS and U.S. Bank—have not only failed to do so, but have endorsed the assignment by maintaining its validity throughout this litigation. Moreover, the person whose signature is alleged to have been "forged" is Marshall Isaacs, another party to this lawsuit who has not only failed to dispute that he signed the assignment but has maintained the validity of the assignment throughout this litigation.

Moreover, even if Appellant had sufficiently alleged an irregularity in the assignment, he still is required to plead the elements of fraud because Counts 1 and 2 are titled "fraud" claims. A party alleging a fraud-based claim must show:

> (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

*Hi-Way Motor Co v. Int'l Harvester Co*, 398 Mich. 330, 336; 247 N.W.2d 813 (1976). Each of these facts must be proved with a reasonable degree of

certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery. *Id.*

There is no allegation in the Complaint that rises to the level of a "reasonable degree of certainty" that supports (i) that the assignment of mortgage from MERS to U. S. Bank National Association as trustee was false, or (ii) that the assignment was made with the intention that Appellant "act" on it, or (iii) that Appellant did "act" on the assignment (or what that action was), or (iv) that Appellant suffered injury as a result of the assignment of mortgage.

Simply making an allegation of wrongdoing without providing supporting grounds is not sufficient to meet the minimum pleading requirements of *Twombly* and *Iqbal*, and Appellant has failed to establish reversible error by the trial court.

Appellant also challenges MERS' ability to assign its interest in the mortgage. This issue is directed at MERS and U. S. Bank (as the current holder of record title to the property), and not foreclosure counsel. To the extent Appellant is attempting to argue that Orlans or Isaacs would somehow have liability associated with MERS' ability to assign its interest in the mortgage, Orlans and Isaacs incorporate that portion of MERS' well-argued brief dealing with this issue, in an effort to avoid what would otherwise be pure redundancy.

## **CONCLUSION**

Appellees Orlans Associates, P.C. and Marshall Isaacs request this Court deny the relief requested by Appellant and affirm the decision of the trial court.

Dated: November 7, 2012          Respectfully submitted,

*/s/ Timothy B. Myers*
TIMOTHY B. MYERS (P48152)
1650 W. Big Beaver Rd.
Troy, MI 48084
248 5021362
tmyers@orlans.com
Attorney for Appellees Orlans & Isaacs

## **CERTIFICATE OF COMPLIANCE**

1. This Brief complies with the type-volume limitation of F.R.A.P. 32(a)(7)(B), because this Brief contains 2466 words, excluding the parts of the Brief exempted by F.R.A.P. 32(a)(7)(B)(*iii*).

2. This Brief complies with the typeface requirements of F.R.A.P. 32(a)(5) and the type style requirements of F.R.A.P. 32(a)(6), because this Brief has been prepared in proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.


Dated:  November 7, 2012           Respectfully submitted,

                                   */s/ Timothy B. Myers*
                                   TIMOTHY B. MYERS (P48152)
                                   1650 W. Big Beaver Rd.
                                   Troy, MI  48084
                                   248 5021362
                                   tmyers@orlans.com
                                   Attorney for Appellees Orlans & Isaacs

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 7, 2012 I electronically filed Appellees Orlans Associates, P.C. and Marshall Isaacs's Appeal Response Brief through the CM/ECF system, which will send electronic notice of this filing to all counsel of record.

*/s/ Timothy B. Myers*
TIMOTHY B. MYERS

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

| Record Number | Date | Description of Entry |
|---|---|---|
| 1 | 12-6-11 | Notice of Removal |
| 1-2 | 12-6-11 | Complaint |
| 7 | 12-12-11 | MERS/U.S. Bank's Motion to Dismiss |
| 9 | 12-13-11 | Motion to Remand |
| 12 | 12-16-11 | Order on Motion for TRO and Remand |
| 18 | 3-13-12 | Orlans/Isaacs' Motion to Dismiss |
| 22 | 7-20-12 | Opinion and Order |