

Dykema Gossett PLLC
400 Renaissance Center
Detroit, MI 48243
WWW.DYKEMA.COM
Tel:  (313) 568-6800
Fax: (313) 568-6658

**Thomas M. Schehr**
Direct Dial: 313-568-6659
Direct Fax: 313-568-6691
Email: TSchehr@dykema.com

March 15, 2013

Deborah S. Hunt
Clerk
United States Court of Appeals
  for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

> Re:     *Conlin v. Mortgage Electronic Registration Systems, Inc., et al.,*
>         Sixth Circuit Case No. 12-2021

Dear Ms. Hunt:

Pursuant to Fed. R. App. P. 28(j), attached as supplemental authority for the above-captioned case is *McLaughlin v. Chase Home Finance, LLC*, decided by this Court on March 14, 2013.

During oral argument in our case on March 12, 2013, the Court asked whether Michigan law permitted a mortgage to be foreclosed by a party that did not own the note, which Plaintiff's counsel called "note-splitting." In *McLaughlin*, this Court, citing the Michigan Supreme Court's decision in *Residential Funding Co., LLC v. Saurman*, 490 Mich. 909 (2011), confirmed that "the Michigan Supreme Court has long held that a party other than the lender can be the mortgagee of record," and that the non-note owning mortgagee (or mortgage assignee) may validly foreclose under Michigan law. In *Saurman*, the Supreme Court held that MERS, as the mortgagee of record, had a right to foreclose by advertisement under Michigan law even though MERS did not own the note. Thus, in the Conlin matter presently before this Court, US Bank, as mortgagee of record by assignment, had a statutory right to foreclose. This Court so held in an identical situation in *Hargrow v. Wells Fargo Bank, N.A.*, No. 11-1806, 2012 WL 2552805 (6th Cir. July 3, 2012).

Further, *McLaughlin* is noteworthy relative to the Court's questions at oral argument regarding the applicability of the Michigan Supreme Court's recent decision in *Kim v. JP Morgan Chase Bank, NA*, 493 Mich. 98 (2012). In *Kim*, the Supreme Court held that, if there is a violation of the foreclosure by advertisement statute, the foreclosure is voidable rather than void *ab initio*,

# DYKEMA

Deborah S. Hunt
March 15, 2013
Page 2

and a court is to determine whether the plaintiff suffered any prejudice as a result of the statutory defect.

In *McLaughlin*, this Court found that the plaintiff failed to state a claim for fraud. Thus, the Court did not analyze the foreclosure under *Kim* because there was no defect rendering the foreclosure voidable. Similarly, in this appeal, there is no need to analyze Plaintiff's allegations under *Kim* because Plaintiff failed to state a claim for fraud regarding the foreclosure.

Sincerely,

**DYKEMA GOSSETT** PLLC

Thomas M. Schehr

1205815.1

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0264n.06

No. 12-1578

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Mar 14, 2013*
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| JOHN MCLAUGHLIN; DEBORAH MCLAUGHLIN, | ) |
| | ) |
| *Plaintiffs-Appellants,* | ) |
| | ) |
| v. | ) |
| | ) |
| CHASE HOME FINANCE LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | ) |
| | ) |
| *Defendants-Appellees.* | ) |
| | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

**O P I N I O N**

BEFORE:    KEITH, MARTIN, and COLE, Circuit Judges;

COLE, Circuit Judge.  Plaintiffs-Appellants John McLaughlin and Deborah McLaughlin brought suit against Chase Home Finance LLC ("Chase") and Mortgage Electronic Registration Systems, Inc. ("MERS") in district court, alleging various claims in conjunction with Chase's foreclosure on a mortgage granted by the McLaughlins to MERS.  The district court granted Defendants-Appellees' motion to dismiss each of the McLaughlins' claims.  For the reasons that follow, we AFFIRM the district court's grant of the motion to dismiss.

I.

On or about August 3, 2005, Sallie Mae Home Loans, Inc. ("Sallie Mae") loaned $170,000 to the McLaughlins to purchase property located at 11461 Carr Road, Davison, Michigan 48423 (the "Property").  John McLaughlin signed a Promissory Note ("Note") in connection with the loan.

No. 12-1578
*McLaughlin v. Chase Home Finance LLC*

Sallie Mae assigned the Note without recourse to Morgan Stanley Mortgage Capital, Inc. ("Morgan Stanley") on August 3, 2005. Above the stamp assigning the Note from Sallie Mae to Morgan Stanley is another stamp, signed by Morgan Stanley Vice President George Keyloun, that states "Pay to the order of" and thereafter contains a blank.

The McLaughlins granted MERS, as nominee of Sallie Mae, a mortgage on the Property (the "Mortgage") as security for the loan. Chase was the servicer of the Mortgage since at least 2006. MERS assigned all of its right, title, and interest in the Property to Chase by assignment dated February 22, 2010, and recorded February 23, 2010, with the Genesee County Register of Deeds.

The McLaughlins defaulted on their obligations under the Mortgage, and Chase commenced foreclosure proceedings. A sheriff's sale of the Property was scheduled for January 26, 2011. Five days prior to the sale, on January 21, 2011, the McLaughlins brought suit against Chase and MERS in the Circuit Court for the County of Genesee, State of Michigan, seeking to enjoin the sale. Chase and MERS removed the suit on March 14, 2011 to the United States District Court for the Eastern District of Michigan, on the basis of diversity. The McLaughlins amended their complaint on June 1, 2011, to allege the following counts against Chase and MERS: Count I—Injunctive Relief and Declaratory Order; Count II—Fraud and Misrepresentation; Count III—Wrongful Foreclosure; and Count IV—Fair Debt Collections Practices Act ("FDCPA") violations.

On June 27, 2011, Chase and MERS moved to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). The district court granted the motion to dismiss as to all counts on March 13, 2012. From this opinion, the McLaughlins appealed.

No. 12-1578
*McLaughlin v. Chase Home Finance LLC*

## II.

We review de novo a district court's dismissal of a plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). We must construe the complaint in a light most favorable to the plaintiffs and accept all factual allegations as true. *Id.* The factual allegations must be sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the McLaughlins fail to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

We also review de novo "a district court's dismissal of a complaint for failure to plead with particularity under Rule 9(b)." *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 467 (6th Cir. 2011). Rule 9(b) "'is to be interpreted in conjunction with Federal Rule of Civil Procedure 8,' requiring a 'short and plain statement of the claim.'" *Id.* (quoting *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 503 (6th Cir. 2007)). The plaintiff must allege the following to plead fraud with particularity: (1) "the time, place, and content of the alleged misrepresentation on which he or she relied"; (2) "the fraudulent scheme"; (3) "the fraudulent intent of the defendants"; and (4) "the injury resulting from the fraud." *Bledsoe*, 501 F.3d at 504 (internal quotation marks and citation omitted).

The McLaughlins appeal the district court's dismissal of the following counts in the amended complaint: Count I—Injunctive Relief and Declaratory Order; Count II—Fraud and

- 3 -

No. 12-1578
*McLaughlin v. Chase Home Finance LLC*

Misrepresentation; and Count IV—FDCPA violations. The McLaughlins do not appeal the district

court's dismissal of Count III—Wrongful Foreclosure.

    *A. Count I—Injunctive Relief and Declaratory Order*

        The McLaughlins first argue that the district court erred in dismissing Count I, for injunctive

relief and a declaratory order. They make the following contentions as to Count I:  (1) Deborah

McLaughlin is not in default because she did not sign the Note, and Chase and MERS are therefore

precluded from foreclosing; (2) the Mortgage was unenforceable because MERS failed to give Sallie

Mae consideration for being granted the Mortgage; (3) the failure of Chase and MERS to pay transfer

taxes under Michigan law precludes foreclosure; and (4) Chase is precluded from foreclosing

because it assigned the Note to an unknown entity. Each of these arguments is without merit.

        *1. Default*

        First, the McLaughlins contend that Chase and MERS are precluded from foreclosing on the

Property under Mich. Comp. Laws ("MCL") Section 600.3204 because Deborah McLaughlin did

not sign the Note and is therefore not in default. This argument falls flat. Although Deborah

McLaughlin did not sign the Note, she *did* sign the Mortgage, along with John McLaughlin. Under

Michigan's foreclosure statute, it is not required that all signatories to a mortgage sign the

promissory note that evidences the loan; rather, all that is required is that "[a] default in a condition

of the mortgage [occur], by which the power to sell [becomes] inoperative." MCL § 600.3204(1)(a).

Here, Chase, as the servicer of the Mortgage and assignee of MERS, had the right to foreclose upon

the Mortgage because the McLaughlins defaulted under the Mortgage by failing to make the required

monthly payments.

No. 12-1578
*McLaughlin v. Chase Home Finance LLC*

### 2. Consideration for Mortgage

Second, the McLaughlins argue that the Mortgage is unenforceable because MERS failed to give Sallie Mae consideration for being granted the Mortgage. The McLaughlins base their argument primarily upon a Michigan Supreme Court case, *Teed v. Marvin*, 2 N.W. 20 (Mich. 1879). In *Teed*, the court held that a set of promissory notes "represented no debt, and were purely voluntary." *Id.* at 21. For this reason, the court found that the promissory notes were not supported by consideration. *Id. Teed* is distinguishable from the instant case because here, the Note was supported by consideration—Sallie Mae loaned John McLaughlin $170,000 in exchange for a promise of repayment.

The Michigan Supreme Court has held that MERS was "the owner . . . of an interest in the indebtedness secured by [a] mortgage" for which MERS, like in the instant case, was not the lender but was the mortgagee. *Residential Funding Co., L.L.C. v. Saurman*, 805 N.W.2d 183, 183 (Mich. 2011) (internal quotation marks and citation omitted); *see also Residential Funding v. Saurman*, 807 N.W.2d 412, 414 (Mich. Ct. App. 2011), *rev'd by Residential Funding Co., L.L.C. v. Saurman*, 805 N.W.2d 183 (Mich. 2011) (noting that the mortgage instrument did not designate the lender as the mortgagee but rather designated MERS). MERS was "the owner," and the Mortgage was properly supported by consideration, because MERS's "contractual obligations as mortgagee were dependent upon whether the mortgagor met the obligation to pay the indebtedness which the mortgage secured." *Saurman*, 805 N.W.2d at 183 (internal quotation marks and citation omitted).

Further, the Michigan Supreme Court has long held that a party other than the lender can be the mortgagee of record. *See id.* ("'It has never been necessary that the mortgage should be given

No. 12-1578
*McLaughlin v. Chase Home Finance LLC*

directly to the beneficiaries. The security is always made in trust to secure obligations, and the trust and the beneficial interest need not be in the same hands. . . . The choice of a mortgagee is a matter of convenience.'" (quoting *Adams v. Niemann*, 8 N.W. 719, 719-20 (Mich. 1881))). Under Michigan law, for consideration to exist, the consideration "may inure to one other than the promisor." *City of Highland Park v. Grant-Mackenzie Co.*, 115 N.W.2d 270, 278 (Mich. 1962). Therefore, the fact that it was Sallie Mae and not MERS that gave consideration for the Mortgage does not render the Mortgage unenforceable.

### 3. Transfer Taxes

Third, the McLaughlins contend that the failure of Chase and MERS to pay property transfer taxes in connection with the filing of the Mortgage violated Michigan law and precluded a foreclosure. This argument fails because assignments of mortgages are exempt from transfer taxes under MCL §§ 207.505(d) and 207.526(d).

### 4. Assignment of Note

Finally, the McLaughlins argue that Chase is precluded from foreclosing upon the Mortgage because it assigned the Note to an unknown entity. The McLaughlins base this argument on the fact that there is a stamp on the last page of the Note, signed by Morgan Stanley Vice President George Keyloun, that states "Pay to the order of" and thereafter contains a blank. The McLaughlins contend that Chase assigned the Note to an unknown entity, which precludes Chase from foreclosing upon the Mortgage.

Even if this stamp followed by a blank space were a valid assignment of the *Note*, it is not a valid assignment of the *Mortgage* because it appears not on the Mortgage but rather on the Note.

- 6 -

No. 12-1578
*McLaughlin v. Chase Home Finance LLC*

So even if Chase did assign the Note, it did not assign the Mortgage, and this stamp does not preclude Chase from foreclosing upon the Mortgage.

Thus, for the foregoing reasons, the district court did not err in dismissing Count I.

B. *Count II—Fraud and Misrepresentation*

Next, the McLaughlins argue that the district court erred in dismissing Count II, which alleged fraud and misrepresentation. The district court held that the McLaughlins failed to "allege any sort of detail or particularity regarding who made false representations, when such representations were made, or why such representations were intentional." The district court is correct: the amended complaint is void of particularity as to the McLaughlins' claim for fraud and misrepresentation. On appeal, the McLaughlins fail to argue that the amended complaint alleged any detail or particularity regarding the alleged false representations. As such, this claim fails for lack of particularity under Federal Rule of Civil Procedure 9(b), and the district court therefore did not err in dismissing Count II.

C. *Count IV—FDCPA Violations*

Finally, the McLaughlins assert that the district court erred in dismissing Count IV, which alleged FDCPA violations. The McLaughlins argue that MERS is a debt collector under the FDCPA and that MERS violated the statute by attempting to foreclose upon the Property by use of false representations and deceptive means. The McLaughlins do not argue on appeal that Chase violated the FDCPA. The McLauglins' argument regarding MERS falls flat for two reasons: (1) MERS is not a debt collector under the FDCPA; and (2) MERS neither attempted to foreclose nor did it have the power to foreclose upon the Mortgage.

- 7 -

No. 12-1578
*McLaughlin v. Chase Home Finance LLC*

The FDCPA excludes from the definition of "debt collector" any "person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F) (2010). MERS "obtained" the debt when the McLaughlins granted MERS the Mortgage as security for Sallie Mae's loan to them. At that time, the debt was not in default, so under the statute, MERS cannot be a debt collector.

Further, MERS never attempted to foreclose upon the debt and indeed lacked the power to foreclose. Under Michigan law, "[o]nly the record holder of the mortgage has the power to foreclose." *Saurman*, 805 N.W.2d at 184 (internal quotation marks and citations omitted). MERS assigned all of its right, title and interest in the property to Chase on February 22, 2010. The McLaughlins then defaulted. Only after the McLaughlins defaulted did Chase commence foreclosure proceedings—something that MERS lacked the power to do at that time because it was no longer the record holder of the Mortgage.

For these reasons, the district court did not err in dismissing Count IV.

III.

For the foregoing reasons, we AFFIRM.