Case No. 12-2021

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

MICHAEL J. CONLIN,

*Plaintiff-Appellant,*

v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ORLANS AND ASSOCIATES P.C., MARSHALL ISAACS,

*Defendants-Appellees.*

_____

On Appeal From The United States District Court
For The Eastern District of Michigan, Southern Division
Case No. 5:11-cv-15352

## DEFENDANTS'-APPELLEE'S MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S AND U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE'S RESPONSE TO APPELLANT'S MOTION TO TAKE JUDICIAL NOTICE

Thomas M. Schehr (P54391)
Michael J. Blalock (P68969)
DYKEMA GOSSETT PLLC
400 Renaissance Center, 37th Floor
Detroit, MI  48243
Telephone:  (313) 568-6659
Facscimile:  (313) 568-6658

Attorneys for Defendants-Appellees MERS and US Bank

The Court should deny Plaintiff-Appellant Michael Conlin's "Motion to Take Judicial Notice of Three Letters As Supplements to Appendix of Supplementary Reply Brief," filed after the March 12, 2013 oral argument before this Court.  The Motion is an improper attempt to raise issues that were neither raised below nor in the briefing on appeal.  Conlin's complaint, the arguments in the District Court, and Conlin's "Statement of Issues" in his Brief on Appeal relate solely to an allegedly "fraudulent" assignment of the mortgage from Defendant-Appellee Mortgage Electronic Registration System, Inc. ("MERS") to Defendant Appellee U.S. Bank, N.A. as Trustee ("US Bank").  Now Conlin asks this Court to take "judicial notice" of three documents in an attempt to argue that the servicer of the mortgage loan, nonparty GMAC Mortgage, LLC ("GMAC"), foreclosed the mortgage.

As explained below, Conlin's motion should be denied as an improper attempt to introduce new facts and arguments on appeal.  In fact, the Motion is an admission that Conlin has no basis for a claim of fraud relating to the assignment, and, instead, seeks to confuse the issues in this straightforward case in which US Bank, the mortgagee of record, properly foreclosed by advertisement under Michigan law.

1

## I. INTRODUCTION OF NEW "EVIDENCE" ON APPEAL IS IMPROPER.

It is well-settled that a party is not entitled to introduce new "evidence" or argument on appeal. As this Court has explained:

> This court has long maintained that "[a] party may not by-pass the fact-finding process of the lower court and introduce new facts in its brief on appeal." *Sovereign News Co. v. United States,* 690 F.2d 569, 571 (6th Cir. 1982). A similar policy is codified in Rule 10(a) of the Federal Rules of Appellate Procedure, which limits the record on appeal to "the original papers and exhibits filed in the district court," "the transcript of proceedings, if any," and "a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a). To be sure, "if anything material to either party is omitted from or misstated in the record by error or accident," Rule 10(e)(2) allows "the omission or misstatement [to] be corrected and a supplemental record [to] be certified and forwarded." Fed. R. App. P. 10(e)(2). Among the individuals or entities specifically authorized to thus correct and supplement the record, moreover, is "the court of appeals." Fed. R. App. P. 10(e)(2)(C). But this court has cautioned that "as is clear from the rule's wording, the purpose of the rule is to allow the court to correct omissions from or misstatements in the record for appeal, *not to introduce new evidence in the court of appeals.*" *Inland Bulk Transfer Co. v. Cummins Engine Co.,* 332 F.3d 1007, 1012 (6th Cir. 2003) (emphasis added).

*United States v. Husein*, 478 F.3d 318, 335-36 (6th Cir. 2007) (emphasis in original).

In *Husein*, this Court rejected the government's request to effectively take judicial notice of post-sentencing facts on appeal. This Court explained that "Rule

201(b) requires that a fact sought to be judicially noticed not be 'subject to reasonable dispute.'" Because "both the existence and the significance of [the facts] are in dispute," the Court declined to take "judicial notice" of them under Fed. R. Evid. 201. *Id*. at 337.

## II. CONLIN HAS NOT ESTABLISHED THAT THE COURT SHOULD TAKE "JUDICIAL NOTICE" OF THE DOCUMENTS REFERENCED IN THE MOTION.

### A. Exhibit 1, Already Part Of The Record, Confirms That US Bank Was Mortgagee Of Record.

Exhibit 1 to the Motion was attached as Exhibit 7 to the Complaint and is therefore already part of the record. Thus, there is no need for the Court to take "judicial notice" of the document.

Moreover, Conlin incorrectly characterizes the document as stating that GMACM foreclosed the mortgage. Exhibit 1 says nothing of the kind; instead, it confirms that GMACM was the *servicer* of the mortgage, which Conlin's counsel conceded at oral argument before this Court on March 12, 2013. The first sentence of Exhibit 1 states that GMACM "is the creditor to whom your mortgage debt is owed *or the servicing agent for the creditor to whom the debt is owed*." (Emphasis added). Further, the notice of foreclosure attached as page 3 of Exhibit 1 confirms that "Said mortgage is now held by U.S. Bank National Association as Trustee by assignment."

3

U.S. Bank, as mortgagee of record with an undisputed interest in the indebtedness under MCL 600.3204(1)(d) and *Residential Funding Co., LLC v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011), had a statutory right to foreclose by advertisement. In *Hargrow v. Wells Fargo Bank, N.A.*, No. 11-1806, 2012 WL 2552805 (6th Cir. July 3, 2012), this Court, relying on *Saurman*, held that Wells Fargo had statutory authority to foreclose by advertisement under Michigan law following an assignment of a mortgage by MERS:

> Here, MERS was unambiguously the original mortgagee of the Hargrows' Mortgage. The Hargrows granted MERS the power to assign the Mortgage, and MERS used that power to assign the Mortgage to Wells Fargo. The assignment was recorded in the Washtenaw County Clerk's Office, creating a clear record chain of title for the Mortgage. The Mortgage also gave MERS as mortgagee the power to initiate foreclosure proceedings, and once assigned, Wells Fargo as record-holder of the Mortgage also had the power to foreclose under the Mortgage. And since the chain of title of the mortgage was properly recorded, Wells Fargo as the owner of an interest in the indebtedness had the power to foreclose by advertisement under § 600.3204.

*Id*. at *3. This Court should follow *Hargrow* and affirm the District Court.

### B. Conlin Has Failed To Satisfy The Standard For Judicial Notice Of Exhibits 2 and 3 To The Motion.

The Court also should reject Conlin's request to take judicial notice of Exhibits 2 and 3 to his Motion. Neither exhibit was attached to Conlin's Complaint, even though each was prepared in 2011, well before Conlin filed his Complaint. Moreover, the exhibits in no way establish that GMACM foreclosed

4

the mortgage. Exhibit 2 is a notice to the IRS – which had filed tax liens on the property due to Conlin's failure to pay taxes – stating that GMACM was the servicer of the mortgage loan. Exhibit 3 is a notice to Conlin relating to rights he may have under the Protecting Tenants at Foreclosure Act, which was sent to Conlin by GMACM well after the March 2011 sheriff's sale. Exhibit 3 does not say that GMACM conducted the foreclosure by advertisement, and it would be a stretch to say that it confirms anything other than GMACM was the servicer for the mortgage of which US Bank was mortgagee of record and made a credit bid at the foreclosure sale. Moreover, it does not change the undisputed facts that that US Bank was the mortgagee of record, foreclosed by advertisement as stated in the notice of foreclosure, and purchased the property at the Sheriff's sale, as confirmed in the Sheriff's deed. Thus, any "fact" Conlin seeks to establish with Exhibits 2 and 3, which are not part of the record, is certainly "subject to reasonable dispute" under Fed. R. Evid. 201, and the Court should not take judicial notice of them.

In sum, the Court should deny Conlin's motion to take judicial notice of the three exhibits. Moreover, the Court should affirm the District Court's dismissal because Conlin has not shown that it erred in holding that Conlin had failed to state a claim for fraud, and that Conlin had no basis to challenge the assignment to which he was not a party where MERS and US Bank, the parties to the assignment, have confirmed its validity.

Date: March 21, 2013                    DYKEMA GOSSETT PLLC

                                        By:   /s/Thomas M. Schehr
                                              Thomas M. Schehr (P54391)
                                              Michael J. Blalock (P68969)
                                              Attorneys for Defendants-Appellees
                                              400 Renaissance Center, 37th Floor
                                              Detroit, MI  48243
                                              Telephone:  (313) 568-6659
                                              Facsimile:  (313) 568-6658
                                              tschehr@dykema.com
                                              mblalock@dykema.com

## CERTIFICATE OF SERVICE

I certify that on the 21st day of March, 2013, pursuant to 6 Cir. R. 25, I caused the foregoing to be filed electronically, and all counsel of record will be served electronically through the ECF System.

DYKEMA GOSSETT PLLC

By: /s/Thomas M. Schehr
Thomas M. Schehr (P54391)
Michael J. Blalock (P68969)
Attorneys for Defendants-Appellees
400 Renaissance Center, 37th Floor
Detroit, MI 48243
Telephone: (313) 568-6659
Facsimile: (313) 568-6658
tschehr@dykema.com
mblalock@dykema.com

1206870.1